IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of: | NO.  15 B 32141 |
| Jeffrey & Jennifer Winefka | Judge Bruce W. Black |
| Debtors | Chapter 7 (Joliet) |

RESPONSE TO DEBTOR'S MOTION FOR REDEMPTION
UNDER 11 U.S.C. 722

Now comes the FORD MOTOR CREDIT COMPANY LLC (Hereinafter "Ford Credit"), by and through his attorneys, Sherman & Purcell LLP, and presents its Response to the motion for redemption under 11 U.S.C. 722, and in support thereof states as follows:

**Background**

Ford Credit is a creditor of the debtor with respect to a debt secured by a 2014 Ford Flex.  The vehicle was purchased on or around December 20, 2014 and had 54 miles at the time it was purchased.

The debtors filed this petition for relief under chapter 13 of the Bankruptcy Code on September 21, 2015.  On September 21, 2015 the Debtors filed schedules[1] with the Court under the penalties of perjury.  Schedules B and D alleged that the 2014 Ford Flex had 10,000 miles on it and a value of $23,301.  This value in their schedules appears to be based on the Kelly Blue Book Private Party Value.  The debtor also filed a statement of intentions that provided the debtor intended to reaffirm this debt.

---

[1] In all references contained herein to the debtor filing documents with the court, the debtor by and through counsel filed the same.

1

On September 29, 2015 Ford Motor Credit Company LLC, by and through counsel, sent a proposed reaffirmation agreement to the debtor, by and through debtors counsel and to the attention of Charles Magerski.

On October 13, 2015 was the first scheduled meeting of creditors pursuant to 11 U.S.C. §341.

On October 29, 2015 Ford Motor Credit Company LLC, by and through counsel, sent a follow up letter indicating that we had yet to receive the executed reaffirmation agreement from the debtor. This letter was sent to the attention of Charles Magerski.

On November 20, 2015 the debtor, by and through counsel filed a motion to redeem and said motion has been reinstated and continued until January 29, 2016. This motion, in part, alleged that the vehicle had 12,800 miles on it.

## LACK OF JURISDICTION

The Debtor filed a statement of intent that satisfies the requirements of Section 521 (a)(2)(A) since the Debtor specified an intent to reaffirm the secured debt of Ford Credit. Therefore pursuant to Section 521 (a)(2)(B) the debtor had 30 days after the first date set for the meeting of creditors under section 341 (a) to reaffirm. The court was not shown cause to extend that time for cause within that 30 day period, nor was it asked to do so. Not only did Ford Credit not refuse an offer to reaffirm this debt, but despite having no obligation to do so, sent a proposed reaffirmation to the debtor as well as a follow up letter. The debtor simply chose not to act on their statement of intentions within the required time period. As a direct result, pursuant to Section 362(h)(1), the stay under section 362(a) was terminated and the property is no longer property of the estate. Since the vehicle that the debtor is attempting to redeem is not property of the estate this

Court does not have jurisdiction over the vehicle, and cannot enter an order allowing redemption.

### Not primarily for personal, family or household use

The debtors have claimed that the 2008 Ford Edge is tangible personal property intended for personal, family or household use as is required to proceed under Section 722 of the Bankruptcy Code. However they have provided no evidence supporting this allegation and Ford Credit demands strict proof thereof.

### Proper Valuation under Section 722

The Debtors have attached an alleged valuation and that document should be disregarded in its entirety. The document is hearsay and does not appear to be a complete document. The document makes adjustments that are not supported by any evidence and are contradicted by the debtors own schedules filed under the penalties of perjury.

Section 506 (a)(2) provides as follows: "If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed secured claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retain merchant would charge for property of that kind considering the age and condition of the property at the time value is determined."

Since the property must be primarily for personal, family or household purposes in order for the debtors to gain relief under section 722, the standard is the retail value at the time of the filing of the petition. The debtors have not set forth any evidence as to the condition or the vehicle, nor their assertion that there is no optional equipment. Using the

3

mileage provided by the Debtors in their schedules, the NADA retail value when the case was filed was $24,450.00.

## CONCLUSION

Currently there is no automatic stay as to the collateral and Ford Credit could repossess and sell the collateral at any time.

The Debtors filed their petition for relief and in September of 2015 valued the Explorer at $23,301.00 with 10,000 miles. Of course the appropriate standard is retail so the value for redemption purposes would be much higher than the amount in the schedules. While the amount in the debtors schedules B and D is to low, the debtors schedules should be viewed as a judicial admission and they should be estopped from seeking to redeem for a lesser amount. The debtors have not complied with the requirements of Section 521 causing the vehicle to cease being property of the estate. The debtors have not complied with the standards for valuing collateral pursuant to Section 506(b). It appears the debtors gained continued use and enjoyment of the collateral by claiming they wanted to reaffirm this debt, then after using the depreciating collateral into the next calendar year. The debtor offers to redeem the vehicle at an insufficient amount. For all the aforementioned reasons, the motion for redemption should be denied.

Furthermore, given the higher interest rate the 722 motion proposes, rather than the 2.59% interest offered in the reaffirmation agreement that mirrors the underlying contract, the it appears the debtor will ultimately spend a greater amount of money if they redeem it for the retail value rather than simply reaffirming the debt as their own statement of intentions provided. At this time the discharge has not been entered but if

4

they are choosing to reaffirm, they would need to act promptly before the discharge is entered.

WHEREFORE, FORD MOTOR CREDIT COMPANY LLC prays that this Honorable Court denies the motion for redemption, and for such other and further results as this Court may deem just and proper.

Respectfully Submitted,

Christopher H. Purcell
Sherman & Purcell LLP                BY:   /s/Christopher H. Purcell
120 South La Salle Street                    One of its Attorneys
Chicago, Illinois 60603
Phone (312) 372-1487
Attorney for FORD MOTOR CREDIT COMPANY LLC